Dodge *v*. Bartol & al.

DODGE *vs.* BARTOL & ALS.

The owner of a vessel is not liable to contribution for the jettison of goods laden on deck.

. THIS was an action of the case against the defendants as owners of the schooner *Charles*, for not delivering 160 barrels of flour ship-ped at *Georgetown* for *Portsmouth*, for which the master signed bills of lading in the usual form, and with the usual saving of the dangers of the seas ; and by which it appeared that twenty barrels were ship-ped to go under deck at 35 cents per barrel, and one hundred and forty were shipped to go on deck, at half that price for freight. It was tried before the Chief Justice at the last *November* term.

It appeared that in coming over *Nantucket* shoal, in bad weather, and with a heavy sea, the vessel struck, and was in such danger as to render it necessary, for the preservation of the lives of the crew, and for the safety of the vessel and cargo, to throw some part of the latter overboard ; and accordingly the whole of the deck load, and twenty barrels from the hold, being the plaintiff's flour, were thrown over, whereby the vessel and the rest of the cargo were saved. The value of the twenty barrels under deck was afterwards settled for in the general average, leaving only the deck load in controversy.

The defendants insisted that they were absolved from liability for the loss of the goods shipped on deck ; both by the general princi-ples of the law merchant, and by the usage and custom of America.

To prove that it was the general usage here for the owner of goods shipped on deck, to bear the whole loss if they were necessarily thrown overboard, the defendants called several merchants, two of whom were members of the insurance company by which the schoon-er was insured by the year, and which had paid its proportion of the loss of the twenty barrels under deck ; who were objected to, on the ground of interest ; but the policy having expired. they were admitted as competent witnesses. For the purpose of ascertaining the amount

Dodge *v.* Bartol & als.

of damages, the Chief Justice directed a verdict to be returned for the plaintiff, reserving, for the consideration of the court, the questions raised at the trial. He also instructed the jury to consider and answer, whether there was a general usage for coasting vessels, employed between this place and the southern States, to carry deck loads when occasion offered, if not deeply laden, and no objection made ;—and whether there was such a general usage among merchants and shippers, that the owner of a deck load cannot maintain an action against owners and freighters, for their proportion of the loss occasioned by throwing it overboard for the preservation of the vessel and cargo ; such usage being so generally established among merchants, as to have the force of law ;—both which questions the jury answered in the affirmative.

The plaintiff objected that evidence of a negative usage ought not to have been admitted ; and that the finding of the jury upon the second question was against the weight of evidence in the case ; but as the cause was decided upon other grounds, the arguments on this point are omitted.

*Greenleaf,* for the defendants, contended that the owners of the vessel were not liable to contribution for the jettison of goods laden on deck. 1. On principle ; because they go on half freight ; and the effect will be to make the owners insurers at half premium, and this too, where the risk is greatest.

2. Upon authority. To this point the writers of all civilized nations concur. *Stevens on Average* 14. *Commercial Code of France* l. 2, art. 421. *Pothier on Mar. Contr.* 67, sec. 118. *Ord. de la Marine* art. 13. *Du jet. Jacobsen's Sea-laws* 234. *Consulat. cap.* 183. *Smith & al. v. Wright & al.* 1. *Caines* 43. *Lenox v. United Ins. Co.* 3. *Johns. Ca.* 178. *Wolcott v. Eagle Ins. Co.* 4. *Pick.* 429. *Phillips on Ins.* 333. 2. *Dane's Abr.* 327. The only exception is found in *Volin's* commentary on the 13th article of the *Ordin. de la Marine,* in which he states that this rule does not apply to boats and small vessels, which sail from port to port, where it is customary to lade goods on the deck, as well as in the hold. But this exception must be taken with reference to the navigation of the rivers and shores of *France* only, by small craft and open boats ;

and not to our coast navigation, which encounters all the perils of a foreign voyage. It has never been recognized in England; and in the general revision of commercial law under Napoleon, this exception was wholly omitted.

3. By the usage, both of Europe; *Pothier Mar. Contr.* 67. *Abbot on Shipping* 393; and of America; as was testified by merchants in *Smith & al. v. Wright & al.* 1. *Caines* 44. and also in the case at bar.

*Longfellow*, for the plaintiff, founded his argument on the exception stated by *Valin*, which, he contended, was applicable to every case where the usage was to carry on deck. Such usage in this case, is abundantly proved, and not controverted. The liability attaches itself to the vessel in regard to all goods lawfully on board. But goods on deck are not lawfully there, unless justified by the usage of the trade. The master must not overload his vessel. The hold is the full measure of her capacity, and when this is exceeded, it is the fault of the master, who alone is liable. Such is the general law; and on this principle all the rules exempting the owners of the vessel are founded. The owners shall not be liable for a violation of law by the master, to which the shippers themselves were accessary. But where the capacity of the vessel, the nature of the employment, and the well known and universal custom of the trade, all authorize the carrying of goods on deck, it is equivalent to a special contract by the owners themselves, for each voyage, by which they ought to be bound. In such case, the goods on deck are lawfully there, as part of the cargo, to all of which the contract for safe carriage justly extends. *Ord. de la Marine, art,* 12, 14. *Phillips on Ins.* 332.

WESTON J. delivered the opinion of the Court.

The claim of the plaintiff against the defendants, as general owners, must be predicated upon one of two grounds; that fault or negligence, in the discharge of his duties, is imputable to the master; or that they are liable upon the principles of contribution, or general average. It is in evidence that the jettison, by which the plaintiff's loss was occasioned, was justified by the highest necessity; nor is it

Dodge *v.* Bartol & al.

pretended that the property could have been preserved, by any exertion on the part of the master or mariners.

On the question of contribution, the commercial code of France provides, that the effects laden on the deck of the vessel, contribute, if saved. If they be thrown overboard, or damaged by the jettison, the owner is not admitted to make a demand of contribution ; his only remedy is against the master. By the Ordinance of the marine, no contribution can be demanded for goods on deck, which have been thrown overboard or damaged ; saving to the owners their remedy against the master. It would seem, from these authorities, that the shipper might look to the master for his indemnity ; and if so, the owner might also be holden, as liable for his default. *Pothier*, in his treatise on maritime contracts, *Art.* 2, *sec.* 118, explains the reason of this ; which is, he says, because it is the master's fault to overload the ship, if there was no room below deck for the goods ; or if there was, it was his fault that he did not stow them there. In the present case, there was no such fault in the master, of which the shipper has any right to complain. His goods were laden on deck, by his express permission and assent ; and he paid but half freight therefor. *Valin*, in his commentary on the Ordinance, says, this rule does not apply to boats and small vessels, which sail from port to port ; where it is customary to load goods on deck, as well as in the hold. Admitting this exception of *Valin* to be the law of this country, we do not perceive that it can fairly be applied to the case under consideration. Boats and small vessels are classed together ; and by the latter we think ought to be understood such as ply from one port to the next adjoining port, or for short distances along the coast. We cannot find that the exception of *Valin* has been adopted in this country ; and if it is to be considered as qualifying the law here, it cannot extend to vessels, like the one in question, nor to voyages of the magnitude and importance of that, in which she was employed by the plaintiff.

The general law, that jettison from the deck presents no case for contribution, has been recognized in New York, and in Massachusetts.

There can, we think, be little doubt, that in the excepted cases

Dodge *v.* Bartol & al.

stated by *Valin,* depending on a usage to load on deck, as well as in the hold, full freight was paid for the whole goods. Indeed, from the limited nature of the navigation, those laden on deck might be nearly or quite as safe, as those laden in the hold ; and this may have constituted the principal reason for the exception. But in the case before us, goods on deck would be as much exposed, as in a foreign voyage. If the shipper has less protection, he pays less freight. He knows the increased hazard ; and he deliberately assumes it. If he be entitled to contribution, and if his case be within the exception of *Valin,* he would lose no more by the jettison, than those whose goods are in the hold ; although the latter pay twice as much for their carriage. If the owner of the vessel alone contributes, for which no usage, exception, or authority has been cited, there seems to be no reason why he should not have full freight, for this increased hazard. The half freight, stipulated by the shipper, strongly indicates that this was, and ought to be regarded, as a case within the general law.

Placing our opinion upon this ground, we do not consider that the particular usage of the port of *Portland,* proved at the trial, in accordance with this principle, can affect the case. It did not require this support ; and the decision must have been the same, if it had not been adduced. The determination, therefore, of the question as to the competency of the witnesses objected to, becomes unnecessary. But as by law the owners are not liable, for the same reasons the insurers are not, and thus they are competent witnesses ; although their testimony has no influence in the decision of the cause.

By the general maritime law, this is not a case for contribution. If this is by usage an excepted case, the burden of proof is upon the plaintiff to show it. The defendants are not bound, nor is it necessary for them, to prove a usage corresponding with the law.

*Phillips,* in his treatise on insurance, page 333, commenting upon the exception of *Valin* to the rule stated in the thirteenth article of the Ordinance, says, upon the principle of this exception, if it be the usage of the trade to carry part of the cargo on deck, a jettison therefrom is a subject of contribution. But he cites no authority, which supports this position to the extent stated. In whaling voyages, he

adds, it is the practice " to adjust, upon the principle of general average, oil thrown overboard from the deck, where it is carried for a short time, after being put in casks, before it can properly and safely be stowed in the hold." This usage and practice, in regard to these voyages, arises from the particular nature of the business ; and as it applies to every part of the cargo, which must all undergo the same process, it is equal in its application. It does not extend to goods carried on deck for the voyage ; but to such as are to be carried below deck, in their transit to their destination in the hold. If, by the usage, the goods are to be carried on deck for the voyage, this exception, even according to *Phillips*, does not uniformly apply ; for he states, in the same paragraph, that it is usual to carry on deck a part of the cargo of a vessel loaded with lumber, but that it does not appear to be the practice to contribute for this part of the cargo, if it be thrown overboard. *New trial granted.*